IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID KIRKWOOD  :
                :
v.              :  CIVIL NO. CCB-17-2005
                :
CAPITAL SYNERGY PARTNERS, INC.,  :
ET AL.          :

...o0o...

**MEMORANDUM**

Plaintiff David Kirkwood, who was defrauded of substantial income by Gary Steciuk,[1] has sued Financial West Investment Group, Inc. ("FWG") and Capital Synergy Partners, Inc. ("CSP") for fraud, breach of contract, and negligent supervision. CSP has filed a motion to dismiss for lack of personal jurisdiction, which has been fully briefed and will be granted for the reasons stated below.

Preliminarily, it appears from the allegations in the complaint that Steciuk sold numerous annuities to Kirkwood between 2006 and 2010, when Steciuk was associated with FWG, First Am. Compl. ¶ 10-11. In January 2012 Steciuk became a registered representative of CSP. No new annuities were sold to Kirkwood, but Steciuk diverted to himself payments from the annuities that should have gone to Kirkwood. The fraud was discovered in 2014, and Steciuk was convicted of mail fraud in 2015. First Am. Compl., Ex. A; Mot. Dismiss, Ex. 2. Kirkwood asserts that Steciuk acted under the actual or apparent authority of CSP when he fraudulently diverted Kirkwood's assets. First Am. Compl. ¶ 13.

When a defendant challenges personal jurisdiction under Rule 12(b)(2), the burden is on the plaintiff to prove grounds for personal jurisdiction over the defendant by a preponderance of the evidence. *Mylan Labs, Inc. v. Akzo, NV*, 2 F.3d 56, 59-60 (4th Cir. 1993). "When, however,

---

[1] Steciuk is now serving a term in federal prison.

1

as here, a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). In deciding whether the plaintiff has made this showing, the court must resolve all disputed facts and reasonable inferences in the plaintiff's favor. *Id.*

The court may assert either specific or general personal jurisdiction over non-resident defendants. Specific jurisdiction may exist where the claim is related to or arises out of the defendants' contacts with the state. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 & n.8, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction may exist where the defendants' contact with the forum state is "continuous and systematic." *Id* at 414-15 & n. 9 (quoting *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 438, 72 S. Ct. 413, 96 L.Ed. 485 (1952)).

Kirkwood first asserts that general jurisdiction is established because CSP registered to do business in the state of Maryland and had a registered representative, Steciuk, operating in the state. CSP, however, is headquartered in California, where it maintains its books and records and where the company's officers and directors normally meet and coordinate and direct the company's activities. (Rapp. Decl. ¶ 3, ECF No. 23-2). CSP has no systematic and continuous contact with Maryland in the form of bank accounts, property, or advertising (*Id.* at ¶ 4-8). CSP is "at home" in California, not in Maryland. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). General jurisdiction has not been shown.

The Fourth Circuit has outlined a three-pronged test for determining whether the exercise of specific jurisdiction comports with due process. Under this test, courts must consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst*, 334 F.3d at 397; *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009).

The court will assume without deciding that having a registered representative in the state could constitute purposeful availment, but the wrongs done to Kirkwood do not arise out of that relationship. CSP declares, and Kirkwood does not dispute, that Kirkwood never opened an account with CSP. (Rapp Decl. at ¶¶ 9-10; Kirkwood Aff., ECF No. 38-1 at 1-2.) All the annuities were purchased before Steciuk became associated with CSP. The letter Kirkwood attaches to his affidavit is on GCS Financial letterhead, and states that GCS Financial and Capital Synergy are "unaffiliated entities." (Kirkwood Aff. Ex. 1, ECF No. 38-1 at 3.) The other letter is from a third party, Prudential. (Kirkwood Aff. Ex. 2, ECF No. 38-1 at 4.) Kirkwood offers nothing to show that CSP represented Steciuk to him as its agent, particularly in connection with the annuities purchased before 2012. *See Dickerson v. Longoria*, 414 Md. 419, 442 (2010).

Kirkwood has filed a motion to permit jurisdictional discovery, but he offers nothing factual to support that request or otherwise provide any indication that the facts set forth in Rapp's affidavit are subject to dispute. He has not, for example, proffered any correspondence from CSP directed to him. An unsupported legal conclusion that Steciuk was acting with actual or apparent authority of CSP is not sufficient to justify the burden of discovery. *Carefirst*, 334

F.3d at 402-03 ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.")

The wrong done to Kirkwood by Steciuk was reprehensible. That is not enough, however, to bring CSP into this Maryland litigation. Accordingly, the claims against CSP will be dismissed without prejudice for lack of personal jurisdiction. A separate Order follows.

November 17, 2017         /S/
Date                      Catherine C. Blake
                          United States District Judge